UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MARLA HENDRIX and ALEXANDRA HENDRIX,<br><br>         Plaintiffs,<br><br>v.<br><br>OMAR ESPINOS ALEGRE, and BLUE FIRE TRANSPORT CORPORATION<br><br>         Defendants. | JURY TRIAL DEMANDED<br><br><br>Civil Action No. 2:21-cv-00114-RWS |

**COMPLAINT FOR DAMAGES**

Plaintiffs Marla Hendrix and Alexandra Hendrix file this Complaint for Damages against Defendants Omar Espinos Alegre and Blue Fire Transport Corporation, demanding a jury trial and showing this Honorable Court as follows:

**Introduction**

1.

On August 21, 2020, Alegre crushed the Hendrix's car on I-85 between the tractor-trailer he was driving for Blue Fire and another tractor-trailer, ultimately coming to a rest on top of their car with them trapped inside. The Hendrixes sue to recover for their injuries.

- 1 -

**Parties, Jurisdiction, and Venue**

2.

Plaintiffs are adult citizens of Georgia. By filing this Complaint for Damages, they avail themselves of this Court's jurisdiction and venue.

3.

Defendant Blue Fire Transport Corporation is Florida profit corporation with its principal place of business at 6929 Northwest 173rd Drive, Apartment I-207, Hialeah, Florida 33015. The Court has personal jurisdiction over Blue Fire because, among other things, it transacts business in Georgia, and it committed a tort here. Blue Fire provides services in Georgia and operates commercial tractor-trailers in Georgia, including in Banks County, Georgia. This matter arises from Blue Fire's contacts with the forum. Blue Fire may waive service or, if it refuses to do so, it may be served with process through its Registered Agent, Jorge Cruz-Morales, at 6929 Northwest 173rd Drive, Apartment I-207, Hialeah, Florida 33015.

4.

Defendant Omar Espinos Alegre is an adult citizen of Florida and a commercial tractor-trailer driver who resides at 7741 South River Drive, Merlin, Florida 33166. The Court has personal jurisdiction over because he committed a

tort in Georgia. At all relevant times, Alegre was Blue Fire's agent. Alegre may waive service or, if he refuses to do so, he may be served at his residence.

5.

Under 28 U.S.C. § 1331(a)(1), the Court has subject-matter jurisdiction here: the parties are completely diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.

Under 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over the state-law claims because they form part of the same case or controversy.

7.

Venue is proper in the Northern District of Georgia's Gainesville Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the Hendrixes' claims occurred in this District.

8.

Because this is a diversity case, Georgia substantive law applies here.

**Factual Background**

9.

On August 21, 2020, at about noon near mile marker 154.5 on I-85 in Banks County, Georgia, Marla was driving behind a tractor-trailer in a Toyota Camry in a

prudent and careful manner in the far-right lane. Alexandra, Marla's daughter, was riding with her on the way to an appointment for a new job.

10.

That portion of I-85 near mile marker 154.5 narrows to two-lanes.

11.

At the same time and place, Alegre was driving one of Blue Fire's tractor-trailers in the far-right lane of I-85—directly behind the Hendrixes.

12.

Due to severe traffic congestion, Marla slowed her car along with the speed of traffic and eventually came to a complete stop behind another tractor-trailer.

13.

Rather than slow or stop with traffic, Alegre slammed Blue Fire's tractor-trailer into the Hendrixes, crushing the small sedan between his truck and the tractor-trailer in front of them. Alegre came to rest in Blue Fire's tractor-trailer on top of the Hendrixes car with Marla and Alexandra still inside.

14.

The collision was violent and caused the Hendrixes serious injuries, including possible traumatic brain injuries.

15.

At all relevant times, Alegre was Blue Fire's agent, employee, or both and was was operating within the course and scope of his employment with Defendant Blue Fire.

16.

At all relevant times, Blue Fire controlled the time, manner, and method of its operations and personnel, including Alegre.

17.

Alegre and Blue Fire's negligence caused the collision and the Hendrixes' damages.

18.

The collision was foreseeable to Alegre, and he could have avoided it had he exercised ordinary care, acting in a safe and prudent manner, as federal and state law mandate for commercial vehicle drivers and motor carriers.

19.

Had Alegre maintained a safe speed and distance from the Hendrixes' vehicle, this collision would not have occurred.

20.

As a direct and proximate cause result of Blue Fire's and Alegre's negligence, the Hendrixes suffered and continue to suffer serious and painful injuries, both physical and psychological.

21.

As a result of the collision, the Hendrixes have incurred and will continue to incur ongoing future medical expenses. Their physical and mental health and their quality of life has been and will continue to be significantly and permanently altered.

**Causes of Action**

**Count I—Alegre's Negligence and Negligence Per Se**

22.

The Hendrixes incorporate the allegations above verbatim here.

23.

At all relevant times, Alegre was a professional commercial driver.

24.

At all relevant times, Alegre was driving a commercial motor vehicle as Georgia law defines it.

25.

At all relevant times, Alegre owed the motoring public and the Hendrixes a duty of care to operate Blue Fire's tractor-trailer in accordance with:

a.    Georgia traffic laws;

b.    Federal and state laws and regulations governing the operation of commercial motor vehicles in the same class as the truck Alegre was driving;

c.      Industry standards governing the operation of commercial motor vehicles that have a gross vehicle weight rating over 26,001 pounds;

d.      Company rules, regulations, policies and procedures governing Alegre as a driver; and

e.      Reasonable and safe driving practices under the circumstances.

26.

Alegre was negligent in the operation of the Blue Fire tractor-trailer that he was operating in at least the following ways:

a.      Failing to make reasonable and proper observations while driving (or, if he made reasonable and proper observations, he failed to act on them);

b.      Failing to maintain his lane of travel without first ascertaining that such movement could be made with safety, violating O.C.G.A. § 40-6-48;

c.      Failing to operate the tractor-trailer in accordance with Blue Fire's policies and procedures;

d.      Failing to drive in accordance with training that Blue Fire provided to him;

e.      Failing to operate the tractor-trailer in accordance with generally accepted industry standards, principles, and practices;

f.      Failing to operate the tractor-trailer in a safe and prudent manner given the conditions that existed at the time of the subject collision;

g.      Violating the Federal Motor Carrier Safety Regulations, including as adopted by Georgia law;

h.      Otherwise failing to act reasonably and prudently under the circumstances; and

i.      Such other specification of negligence that shall be added by amendment or proven at trial.

27.

Alegre is negligent per se because he violated federal and state laws, including those listed above, that were designed to prevent the collision that prompted this lawsuit and the harm that the Hendrixes' sustained.

28.

As a direct and proximate result of Alegre's negligence, the Hendrixes suffered serious life-altering injuries.

29.

Alegre is liable for all damages that law allows for the Hendrixes' injuries, damages, and losses.

**Count II—Blue Fire's Vicarious Liability**

30.

The Hendrixes incorporate the allegations above verbatim here.

31.

At all relevant times, Blue Fire was and is an interstate and intrastate motor carrier, and under state and federal law, is liable for the acts and omissions of its driver, Alegre.

32.

At all relevant times, Alegre was Blue Fire's agent, employee, or both, and he was driving Blue Fire's tractor-trailer within the course and scope of his agency or employment with Blue Fire and was furthering Blue Fire's business.

33.

Under the theory of *respondeat superior* and other agency principles, Blue Fire is liable for Alegre's negligent acts and omissions.

34.

As a direct and proximate result of Alegre's negligence—for which Blue fire is vicariously liable—the Hendrixes sustained severe injuries.

35.

Blue Fire is liable for all damages that law allows for the Hendrixes' injuries, damages, and losses sustained by Plaintiffs in this case.

**Count III—Blue Fire's Negligence and Negligence Per Se**

36.

The Hendrixes incorporate the allegations above verbatim here.

37.

At all relevant times, Blue Fire was operating as a motor carrier as federal and state law define it. So Blue Fire had to abide by not only federal motor-carrier safety regulations and Georgia law, but also industry standards and practices.

38.

As an employer and motor carrier, Blue Fire had duties, some imposed by regulations and others by industry standards and practices, in connection with the hiring, qualifying, training, entrusting, supervising, and retaining Alegre.

39.

Blue Fire breached those duties and was negligent in connection with hiring, qualifying, training, entrusting, supervising, and retaining Alegre.

40.

Blue Fire knew or should have known that Alegre would operate the tractor-trailer in and around Banks County, Georgia. It knew or should have known that he would do so in the course and scope of his Blue Fire work and while furthering Blue Fire's business interests.

41.

Blue Fire knew or should have known Alegre was unqualified and improperly trained to be a professional commercial driver of a tractor-trailer on the roadways with the motoring public.

42.

Blue Fire failed to train Alegre so that he was a competent, safe, and qualified professional commercial driver of a tractor trailer on the roadways with the motoring public.

43.

Blue Fire knew or should have known that Alegre and the tractor-trailer he was driving posed a threat to the safety of the motoring public.

44.

Blue Fire failed to properly supervise Alegre in order to prevent him from being a risk to the motoring public.

45.

As a direct and proximate result of Blue Fire's negligence, the Hendrixes suffered severe injuries.

**Count IV—Damages**

46.

The Hendrixes incorporate the allegations above verbatim here.

47.

As a direct and proximate result of Alegre and Blue Fire's negligence, the Hendrixes have endured and will continue to endure extreme pain and suffering, including but not limited to, actual physical pain and suffering, aggravation of

preexisting conditions, mental anguish, interference with their normal living, interference with their enjoyment of life, impairment of bodily health and vigor, fear of the extent of their injuries, as well as limitations on their activities.

48.

As a proximate result of Alegre and Blue Fire's negligence, the Hendrixes have incurred lost wages and medical expenses and will continue to incur lost wages and medical expenses because of this collision.

49.

Alegre and Blue Fire are liable to the Hendrixes for all injuries and damages as law allows, including all past and future damages described above.

**Count V—Attorney's Fees and Costs Under O.C.G.A. § 13-6-11**

50.

The Hendrixes incorporate the allegations above verbatim here.

51.

There is no bona fide dispute as to Alegre and Blue Fire's liability.

52.

Alegre and Blue Fire have acted in bad faith, have been stubbornly litigious, and have caused the Hendrixes unnecessary trouble and expense. Thus, under O.C.G.A. § 13-6-11, Alegre and Blue Fire are liable for the Hendrixes attorney's fees and litigation expenses incurred in this matter.

**Prayer for Relief**

The Hendrixes demand judgment and pray for relief as follows:

a.      That the Court issue summons, and that service of process by had on Alegre and Blue Fire as law allows;

b.      That the Court enter judgment awarding the Hendrixes all compensatory damages as law allows;

c.      That the Court enter judgment awarding the Hendrixes special damages, including past and future medical expenses in an amount to be shown by the evidence at trial;

d.      That the Court enter judgment awarding the Hendrixes general damages, including physical and mental pain and suffering along with loss of enjoyment of life in an amount to be determined by the enlightened conscience of an impartial jury at trial;

e.      That all costs be taxed against Alegre and Blue Fire;

f.      For such other and further relief as the Court may deem just and proper.

**Jury Demand**

The Hendrixes demand a jury trial on all issues so triable.


This 21st day of May, 2021.

- 13 -

Respectfully submitted,

**CHEELEY LAW GROUP, LLC**

*/s/ Robert D. Cheeley*
Robert D. Cheeley
Georgia Bar No. 122727
Gabrielle M. Holland
Georgia Bar No. 460601
Amy Parker Zupanzic
Georgia Bar No. 006230
Andre T. Tennille, III
Georgia Bar No. 940510
*Attorneys for Plaintiffs*

2500 Old Milton Parkway
Suite 250
Alpharetta, Georgia 30009
P: 770-814-7001
F: 678-559-0273
Bob@cheeleylawgroup.com
Gabrielle@cheeleylawgroup.com
amy@cheeleylawgroup.com
dre@cheeleylawgroup.com